UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 28 AM 11:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Sergio PENA-Valdivia, )<br>)<br>)<br>Defendant )<br>_____ ) | Magistrate Docket No.<br>08 MJ 2274<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **July 25, 2008** within the Southern District of California, defendant, **Sergio PENA-Valdivia**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 28th DAY OF JULY, 2008

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Sergio PENA-Valdivia

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On July 25, 2008, Border Patrol Agent J. W. Chouinard, was performing transportation duties in San Diego, California within the Chula Vista Border Patrol Station Area of Operation. At approximately 12:45a.m., he received notification from Chula Vista Border Patrol Dispatch that the National City Police Department had made a request for the United States Border Patrol to perform an immigration evaluation of one individual. This individual, later identified as the defendant **Sergio PENA-Valdivia**, was taken into custody by the National City Police Department, for violation of California Vehicle Code 23152(a) Driving under the influence of alcohol or drugs. Officer NGUYEN (#447) had observed the defendant make an unsafe left-hand turn while failing to use a turn signal. The defendant also had a passenger in the car, who was determined to be in possession of a commercial quantity of methamphetamine and $4000.00 USD. Officer NGUYEN also determined that the defendant was in possession of $1,661.00 USD.

After Agent Chouinard arrived at the National City Police Department Station, he approached the defendant PENA and identified himself as a United States Border Patrol Agent. He questioned the defendant concerning his citizenship and nationality. The defendant stated that he was a citizen and national of "Mexico." Agent Choinard then asked the defendant if he had, in his possession, any legal United States immigration documents allowing him to be in and remain in the United States legally. The defendant stated, "No." At approximately 2:14 a.m., Agent Chouinard placed the defendant PENA under arrest and transported him to the Chula Vista Border Patrol Station processing center.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 10, 2007** through **San Ysidro, California**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant PENA was not immediately read his Miranda rights after being arrested due to his intoxicated state. According to Officer Nguyen, PENA's breathalyzer registered a 0.18 reading, over twice the legal limit. On July 25, 2008, at approximately 9:30 a.m., the defendant PENA was read his Miranda Rights in both the English and Spanish languages. The defendant stated that he understood his rights and that he would be willing to speak without an attorney present.

The defendant was questioned as to his true name and place of birth, and he stated that his true name was Dionicio VALDIVIA-Iniguez and that he was born in Mexico, and did not have any immigration documents. The defendant stated he last entered the United States in June of 2006 by crossing through the Tecate, California area.

Executed on July 26, 2008 at 10:00 A.M.

Irene S. Aguirre
Senior Patrol Agent

7/26/08

On the basis of the facts presented in the probable cause statement consisting of **1** page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **July 25, 2008**, in violation of Title **8**, United States Code, Section **1326**.

_____  
Leo S. Papas  
United States Magistrate Judge

7/26/08 -129 AM  
Date/Time

In the future —
Please put the signature lines on the same page as the PC statement — even if you have to use more pages